Filed 4/24/25  Green v. Superior Court CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| KEYON GREEN, | |
| Petitioner, | E085602 |
| v. | (Super.Ct.No. RIF2404701) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  Jennifer R. Gerard, Judge.  Petition granted.

Joseph J. Martinez, Senior Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Robert Driessen, Deputy District Attorney, for Real Party in Interest.

1

Petitioner filed a petition for writ of mandate challenging respondent superior court's denial of his motion to dismiss after his preliminary hearing was continued beyond the last day in violation of Penal Code[1] section 859b. After reviewing the petition, this court stayed proceedings below and requested an informal response from respondent and real party in interest, indicating we may issue a peremptory writ in the first instance. The People filed a response conceding petitioner is entitled to the relief he requests. We therefore grant the petition.

FACTUAL AND PROCEDURAL HISTORY

Petitioner is currently a criminal defendant in a pending felony domestic violence case. On October 24, 2024, petitioner waived his right to have his preliminary hearing held within 60 days of his arraignment, entering into a limited waiver. On January 7, 2025, petitioner had a felony settlement conference during which respondent court set petitioner's case for preliminary hearing on January 28, 2025. At that time, both parties agreed the last day for the preliminary hearing would be February 11, 2025. On January 28, 2025, the People requested to trail the preliminary hearing to February 4, 2025, keeping the last day for preliminary hearing as February 11, 2025. On February 4, 2025, the People requested to trail the preliminary hearing to February 10, 2025, agreeing the last day for preliminary hearing would remain February 11, 2025.

---

[1] All further statutory citations are to the Penal Code unless otherwise noted.

2

On February 6, 2025, the People filed a motion to continue petitioner's preliminary hearing beyond the last day, arguing good cause existed to do so because a necessary and material witness was unavailable. Specifically, the People had been unable to locate and serve the victim and the investigating officer was going to be on vacation, out of state, beyond the last day for the preliminary hearing. At the motion hearing, petitioner objected, arguing good cause was irrelevant because he had entered into a limited time waiver. Respondent court granted the People's motion to continue beyond the agreed upon last day, reasoning that because a 60-day waiver had previously been given, good cause and due diligence were still relevant considerations. On February 13, 2025, petitioner filed a motion to dismiss for lack of timely preliminary hearing. Respondent court denied petitioner's motion, held petitioner's preliminary hearing, and found sufficient cause to hold petitioner to answer.

On March 3, 2025, petitioner filed a petition for writ of mandate in this court, contending that respondent court erred in denying his motion to dismiss for failure to timely hold his preliminary hearing, in violation of section 859b. At the request of petitioner, we stayed proceedings below and requested an informal response from respondent and real party in interest. We advised the parties that we might issue a peremptory writ in the first instance. On April 11, 2025, the People filed a response conceding the error and indicating they do not oppose the requested relief.

DISCUSSION

Section 859b sets an outer limit of 60 days from the date of arraignment to hold a defendant's preliminary hearing. If the preliminary hearing "is set or continued more than 60 days from the date of the arraignment," the charges shall be dismissed. (§ 859b.) The only exception to this general rule is if the defendant personally waives his right to a preliminary hearing within 60 days. (§ 859b, subd. (a).) There is no good cause exception. (*Favor v. Superior Court of San Bernardino County* (2021) 59 Cal.App.5th 984, 990 (*Favor*).) "[A] defendant may personally waive the 60-day rule in a limited manner, extending the deadline to a particular date beyond the original deadline, but not waiving it altogether." (*Ibid.*) If a preliminary hearing is not held before the expiration of a defendant's limited waiver, the case shall be dismissed. (*Id.* at p. 987.)

Here, petitioner waived his right to a timely preliminary hearing through a limited waiver. Specifically, his waiver indicated the last day for timely preliminary hearing was February 11, 2025. As indicated by this court in *Favor*, no good cause exception exists to overcome a defendant's limited waiver of a timely preliminary hearing. The People concede this position. As such, the trial court erred in considering good cause and due diligence when it granted the People's motion to continue and denied petitioner's motion to dismiss. Thus, it is appropriate to grant the relief requested. (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.)

4

DISPOSITION

Let a peremptory writ of mandate issue, directing the respondent superior court to vacate its February 13, 2025, order denying petitioner's motion to dismiss and enter a new and different order granting petitioner's motion to dismiss. The decision is final immediately in this court. (Cal. Rules of Court, rule 8.490(b)(2)(A).) The stay of proceedings in the respondent superior court is lifted forthwith.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:


CODRINGTON
J.


RAPHAEL
J.

5